

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

NICOLETTE PELLEGRINO
*Assistant Corporation Counsel*
Phone: (212) 356-2338
Fax: (212) 356-3509
Email: npellegr@law.nyc.gov

May 9, 2023

*I do not accept letters except in compliance with federal, local, or my individual rules. Motion Denied, without prejudice.*

*5-10-23*

VIA E.C.F.
Honorable Alvin K. Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:  Andrew Gilbert v. the City of New York, et al.,
       23 Civ. 00421

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant the City of New York ("City") in the above referenced matter. The City writes to respectfully request a stay of this matter in its entirety, including an adjournment of all conference and deadlines, until thirty days after the resolution of the ongoing disciplinary proceedings concerning the individually named officers and the underlying allegations.[1] This is the City's first request for a stay of the case. Plaintiff opposes this request.

By way of relevant background, on January 17, 2023, Plaintiff initiated the instant action against the City and New York City Police Department Officers Joseph R. Vincent (Shield Number 23708) and Grace Rosero-Tapia (Shield Number 21698). (See Dkt. No. 1.) Plaintiff alleges, *inter alia*, that his constitutional rights were violated on October 19, 2021, when he was forced to leave a subway platform. (See id.) Of note, Plaintiff also alleges that "Defendant City has failed to supervise or discipline or take other remedial action with respect to the Individual Defendants, effectively ratifying the Individual Defendants' misconduct." (Id. ¶ 81.)

On April 17, 2023, the City respectfully requested, with Plaintiff's consent, (a) a thirty day extension of time to respond to the Complaint from April 24, 2023, to May 24, 2023; and (b) that the Court *sua sponte* afford the individual defendants a corresponding extension of time to respond to the Complaint. (See Dkt. No. 10.) On April 18, 2023, the Court granted the City's request, affording all defendants until May 24, 2023 to respond to the Complaint. (See Dkt. No. 11.)

---

[1] The Office of Corporation Counsel does not represent any of the individually named officers. Thus, this application is not being made on their behalf.

Case 1:23-cv-00421-AKH   Document 12   Filed 05/09/23   Page 2 of 3

However, the City has recently become aware that there is an on-going investigation into the underlying allegations in this case. Specifically, as detailed in the Complaint, following Plaintiff's October 19, 2021 interaction with the officers, the Civilian Complaint Review Board ("CCRB") investigated the incident[2] and substantiated certain allegations against both officers. (See Joseph R. Vincent's publicly available CCRB Resume, attached hereto as "Exhibit A"; see also Grace Rosero-Tapia's publicly available CCRB Resume, attached hereto as "Exhibit B.") At the conclusion of the investigation, the CCRB recommended substantiated charges against both officers, which included command disciplines. (See id.) As further noted on the publicly available CCRB Officer History Look-up,[3] the NYPD's disposition and final penalty of those allegations are listed as "APU – Decision Pending." (See id.)

There are several reasons why the pending disciplinary proceedings necessitate a stay of the instant action. First, the disciplinary proceedings may affect the representation of one or more of the individual defendants depending on the discipline proceedings' outcome. Before this Office may assume representation of the individual defendants, it is required by General Municipal Law § 50-(k) to conduct an investigation into whether each officer is eligible for representation. See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985). Pursuant to § 50-(k)(2), this Office must first determine whether an individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." See id.; see also Mercurio, 758 F.2d at 864-65; see also Muniz v. City of New York, 12 Civ. 719 (TPG), 2012 U.S. Dist. LEXIS 99826, at *4 (S.D.N.Y. July 17, 2012) (granting stay as to individual defendants pending resolution of internal agency investigation).

Because of the ongoing disciplinary proceedings, this Office cannot make a determination at this time as to whether each officer was "in violation of any rule or regulation of his agency at the time the alleged act or omission occurred" or whether this Office can represent each defendant in this action. Moreover, best practices would prevent this Office from even communicating with the individual defendants to inquire about the facts of this matter until the resolution of the proceedings. This is because if any individual defendant is found to have violated NYPD procedures, there would be a conflict of interest between this Office and the individual officer. Indeed, if this Office assumes representation of the individual defendants before the proceedings are complete, but it later becomes apparent that any were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be conflicted off of the case. Such a result would cause significant and undue expenditure of resources and delay.

Further, upon information and belief, until the investigation concludes, both parties will have limited access to any relevant materials generated by the disciplinary proceedings, because they are protected from disclosure by the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege) (internal citations and quotation marks omitted). Consequently, should a stay be denied, and should this action therefore proceed concurrently with the disciplinary proceedings, all parties

---

[2] The relevant CCRB Complaint Number is 2021-06346.

[3] https://www.nyc.gov/site/ccrb/policy/MOS-records.page

will suffer from an informational deficit, and this Office will be unable to effectively respond to the Complaint, fully participate in court conferences, or adequately prepare discovery.

Next, particularly where the Complaint alleges that the officers were not properly disciplined, it is necessary for the disciplinary proceedings to be concluded *before* this action moves forward and a defendant is obligated to, *inter alia*, respond to the Complaint. (See Dkt. No. 1 ¶ 81.)

Finally, Plaintiff will not be prejudiced by a temporary stay. As an initial matter, the claims in this case arise from an incident that allegedly occurred in 2021, reducing concerns regarding the expiration of any relevant statute of limitations. Moreover, any potential prejudice to Plaintiff would be diminished by the fact that there are ongoing disciplinary proceedings concerning this incident and, thus, the proceedings will likely collect relevant documents and information, streamlining discovery for all parties, including Plaintiff.

Based on the foregoing, the City respectfully requests that the Court: (1) stay the instant matter until thirty days after the resolution of the disciplinary proceedings; and (2) adjourn *sine die* all deadlines and conferences in this case, pending the conclusion of said disciplinary proceedings. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the disciplinary proceedings until it has been concluded.

The City thanks the Court for its consideration.

Respectfully submitted,

/s/ *Nicolette Pellegrino*

Nicolette Pellegrino
*Assistant Corporation Counsel*
Special Federal Litigation Division

CC:   VIA E.C.F.
      All Counsel of Record

3